IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS and JOINERS of AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 10 C 5314 |
| v. | ) ) | Judge Robert W. Gettleman |
| JOYCE INSTALLATION COMPANY, L.L.C., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America filed a two-count complaint against defendant Joyce Installation Company L.L.C., alleging breach of a settlement agreement and a state law workers' compensation retaliation claim. Defendant now moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that § 301 of the Labor Management Relations Act preempts plaintiff's claims and that plaintiff failed to exhaust the grievance and arbitration procedures of the collective bargaining agreement ("CBA") before filing suit. For the following reasons, defendant's motion is granted.

## BACKGROUND

The following facts are taken from plaintiff's complaint and are deemed true for the purposes of this motion. Plaintiff and defendant are parties to a CBA, which sets forth the wages and benefits to be paid to union employees as well as the grievance procedure those employees must follow. After signing the CBA, Wayne Bloch, one of plaintiff's members, successfully pursued a workers' compensation claim against defendant. He was awarded a workers' compensation benefit payment, which defendant paid. In January 2009, after making the

payment, defendant terminated Wayne Bloch and constructively discharged Ray Bloch, Wayne's brother, and Mathew Bloch, Wayne's son.

On August 14, 2009, plaintiff grieved the discharges and demanded arbitration pursuant to the CBA. An arbitrator set a hearing date for May 28, 2010. On May 27, 2010, the parties agreed to settle the grievance, and plaintiff signed a finalized settlement agreement on June 22, 2010. The terms of the agreement required defendant to make installment payments to all three of the Blochs and rehire Ray and Mathew, the former as a Journeyman Carpenter and the latter as an Apprentice Carpenter. Defendant has failed to comply with these terms.

## DISCUSSION

### I. Standard of Review

A complaint that fails to state a claim upon which relief can be granted should be dismissed. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). The court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citations omitted). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," id. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004).

### II. Breach of Contract Claim

**A. Section 301 Preemption**

Federal district courts have original jurisdiction over lawsuits alleging breach of a contract between an employer and a labor organization. 29 U.S.C. § 185(a). Further, § 301 "authorizes federal courts to fashion a body of federal law" to enforce these contracts. Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 403 (1988). To that end, § 301 preempts state law claims that are "substantially dependent upon the analysis of the terms of an agreement made between the parties in a labor contract." Allis-Chambers Corp. v. Lueck, 471 U.S. 202, 220 (1985). Section 301 thus preempts a state law claim when the underlying CBA creates the rights upon which the claim is founded, or when the claim's resolution substantially depends on the meaning or interpretation of the CBA. Lingle, 486 U.S. at 405-06; Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987). But when a state law claim merely requires reference to a CBA, § 301 will not preempt it. Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).

Section 301 applies not only to CBAs, but also to grievance settlement agreements, SEIU, Local 4 v. EMI Enters., Inc., No. 04 C 3598, 2004 U.S. Dist. LEXIS 16063, at *9 (N.D. Ill. Aug. 12, 2004), and other types of agreements between an employer and a labor organization. See, e.g., United Bhd. of Carpenters & Joiners v. Sidell, 552 F.2d 1250, 1254-56 (7th Cir. 1977) (union constitutions); Gen. Teamsters, Auto Truck Drivers & Helpers Local 162 v. Mitchell Bros. Truck Lines, 682 F.2d 763, 765-66 (9th Cir. 1982) (strike settlement agreements).

Defendant argues that plaintiff's breach of contract claim, which is based on a settlement agreement, is preempted by § 301. Specifically, he relies on SEIU, Local 4's explanation that a common law claim for breach of a settlement agreement is "meaningless without reference to the

3

collective bargaining agreements . . . because the settlement agreement resolved issues arising from the Defendants' breach of the collective bargaining agreements." Id. at *8.

Plaintiff correctly responds, however, that its claim arises out of § 301 and cannot be preempted by the same statute giving it life. SEIU, Local 4 supports plaintiff's position that a claim for breach of a settlement agreement is one of the claims for which § 301 provides a remedy. In that case, the plaintiff brought claims for both state law breach of contract and breach of contract based on § 301. Id. at *4. The court held that although § 301 preempted the plaintiff's common law breach of contract claim, the plaintiff could assert breach of a settlement agreement under that section. Id. at *8-9. Because, as plaintiff notes, § 301 "cannot preempt itself," plaintiff's claim for breach of the settlement agreement is not preempted.

**B. Failure to Exhaust Grievance and Arbitration Procedures**

Although plaintiff's claim is not preempted, it cannot survive defendant's motion to dismiss because plaintiff failed to exhaust the grievance and arbitration procedures prescribed by the CBA. Federal labor policy generally requires that "employees must exhaust grievance and arbitration remedies provided in a collective bargaining agreement before filing a [§ 301] suit." Atchley v. Heritage Cable Vision Assocs., 101 F.3d 495, 501 (7th Cir. 1996). This rule reflects the "strong preference for arbitration as a method for resolving labor disputes" in substantive federal labor law. Id. A "settlement agreement is an arbitrable subject when the underlying dispute is arbitrable, except in circumstances where the parties expressly exclude the settlement agreement from being arbitrated." Niro v. Fearn Int'l, 827 F.2d 173, 175 (7th Cir. 1987).

Supporting the position that this court has jurisdiction over the breach of contract claim, plaintiff cites to a single case, Amalgamated Meat Cutters & Butcher Workmen v. M. Feder &

4

Co., 234 F. Supp. 564 (E.D. Pa. 1964). In that case, the district court determined that it could hear plaintiff's breach of contract claim because the settlement agreement "reached by the parties at the opening of the arbitration hearing" had the "same standing under § 301(a) as an award by an arbitrator." Id. at 568. In Office & Prof'l Employees Int'l Union v. Allied Indus. Workers Int'l Union, 397 F. Supp. 688, 692 n.2 (E.D. Wis. 1975), however, the court declined to rely on Amalgamated because, among other reasons, "in that case the parties had gone to arbitration before reaching a settlement agreement." Id. (emphasis added). Similarly, in the instant case, the parties settled the dispute prior to proceeding to arbitration.

Further, arbitration is preferable where the party opposed to arbitration has "not asserted that the agreement included any specific waiver of arbitration." Id. Plaintiff asserts that the settlement agreement at issue in this case contains a waiver of arbitration, but this assertion is hollow. Plaintiff points only to a section entitled "Complete Agreement," which states that "[t]his Agreement supersedes any and all prior agreements, understandings and communications between the parties as to this matter . . . ." No provision directly addresses a waiver of the requirement that disputes be arbitrated. If the parties to such an agreement come to the joint conclusion "that a settlement agreement should not be arbitrable they may so prescribe." Niro, 827 F.2d at 175. But "in uncertain situations the presumption should favor arbitrability." Id.

Arbitration is therefore the required method of dispute resolution in cases like the instant one. In Duerr v. 3M, 101 F. Supp. 2d 1057, 1063 (N.D. Ill. 2000), for example, the court held that, where the settlement agreement was "based on an interpretation of the CBA," as the instant dispute is, the plaintiff's failure to file "a grievance in connection to Defendant's refusal to pay

5

plaintiff under the Settlement Agreement even though the CBA gave him the right to do so" precluded a lawsuit for breach of that agreement. Id.

Finally, plaintiff argues that this exhaustion requirement applies only when the injured party seeks to compel arbitration. In Niro, for example, the party alleged to have breached a settlement agreement was the party opposed to arbitration. Niro, 827 F.2d at 174. In the instant case, plaintiff notes, the party alleged to have breached the settlement agreement is the party seeking to compel arbitration. But plaintiff points to no case that limits the exhaustion requirement to the injured party, and the court declines to create such a limitation.

### III. Workers' Compensation Retaliation Claim

Plaintiff also asserts an Illinois state law workers' compensation retaliation claim based on supplemental jurisdiction. 28 U.S.C. § 1367(a). While "that supplemental jurisdiction persists even if all the claims giving rise to original jurisdiction have been dismissed," Miller v. Herman, 600 F.3d 726, 738 (7th Cir. 2010), the court may "decline to exercise supplemental jurisdiction in certain cases." Id. Where the federal claim "drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." Leister v. Dovetail, Inc., 546 F.3d 875, 882 (7th Cir. 2008).

There are three acknowledged exceptions to this rule:

when (1) 'the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court'; (2) 'substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort'; or (3) 'when it is absolutely clear how the pendent claims can be decided.'

Sharp Elecs. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 514-15 (7th Cir. 2009).

The relevant limitations period for a retaliation cause of action is five years. 735 Ill. Comp. Stat. 5/13-205; Henon v. Lever Bros. Co., 449 N.E.2d 196, 197 (Ill. App. Ct. 1983). Because plaintiff is well within the time frame for refiling the retaliation claim in state court, and because neither of the other exceptions applies, this court need not exercise its jurisdictional authority under 28 U.S.C. § 1367 to resolve the state law retaliation claim.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss and compel arbitration is granted. This action is dismissed without prejudice with leave to reinstate should that be appropriate after the arbitration is concluded.

**ENTER:** February 10, 2011

_____
**Robert W. Gettleman**
**United States District Judge**